UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| FAWAZ SALEH HASSAN, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:20-cv-00173-LEW |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) ) | |
| Defendant | ) ) | |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE

Plaintiff Fawaz Saleh Hassan seeks to proceed *in forma pauperis* in connection with the instant suit appealing the decision of the United States Department of Agriculture ("USDA") to disqualify his store, Makkah Market LLC/Makkah Halal Market ("Makkah") in Portland, Maine, from participating for six months in the Supplemental Nutrition Assistance Program ("SNAP"). *See* Complaint for a Civil Case ("Complaint") (ECF No. 1); Letter dated Feb. 10, 2020, from Lorie L. Conneen, Administrative Review Officer, to Christopher Leddy, Esq. ("Conneen Letter") (ECF No. 1-1), attached thereto; Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.") (ECF No. 4). For the reasons that follow, I grant the plaintiff's request for leave to proceed *in forma pauperis* but recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction to entertain it.

### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that he has monthly gross

pay from his business of $4,000, monthly business expenditures totaling $4,456.67 for rent, electricity, insurance, internet, and a CEI loan, a 2015 Toyota Highlander worth $14,000, take-home pay of $1,000 monthly, and monthly personal expenses totaling $984 for rent, electricity, cable, a cell phone, and car insurance. *See* IFP Appl.[1] These financial circumstances entitle him to proceed *in forma pauperis*.

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[2]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable

---

[1] The plaintiff indicated that his business insurance cost $560 annually. *See* IFP Appl. at [2]. I divided that figure by 12, obtaining a monthly cost of $46.67.
[2] Section 1915(d) was subsequently renumbered to section 1915(e).

inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B. Factual Background

The plaintiff alleges that he has owned Makkah for five years and that, three years ago, a USDA agent began visiting his store asking to buy non-food items with a SNAP card or to receive cash back from the EBT card. *See* Complaint at [5]. The plaintiff refused every time. *See id*. On one occasion, the plaintiff asked a friend to mind the store for several days while he attended to his sick wife. *See id*. Several months later, the plaintiff received a notice from the USDA that

there had been three violations of the SNAP rules by his friend. *See id*. The plaintiff spoke to his friend, who denied that any such violations were committed. *See id*.

The plaintiff appealed the decision, receiving a final agency decision dated February 10, 2020, from USDA Administrative Review Officer Conneen, addressed to Attorney Leddy, finding "sufficient evidence to support a finding that a six month disqualification from participating as an authorized retailer in the [SNAP] was properly imposed against Makkah . . . by the Retailer Operations Division of FNS [the United States Food and Nutrition Service]." Conneen Letter. Conneen wrote that "a statement regarding relevant rights to a judicial review" was enclosed therewith; however, the statement is not attached to the Complaint. *Id*. The plaintiff complains that he suffered a big loss from the SNAP suspension and, with COVID-19, barely earned enough money to cover his rent, utility, and living expenses. *See* Complaint at [5].

### C. Discussion

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted).

When, as here, a store receives a final determination regarding an FNS decision by a USDA Administrative Review Officer, the store has "thirty days after the date of delivery or service of the final notice of determination" to "obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, . . . requesting the court to set aside such determination." 7 U.S.C. § 2023(a)(13). However, if a store fails to timely file a petition for judicial review within the 30-day period, the determination becomes final. *See id.* § 2023(a)(12) ("Subject to the right of judicial review

hereinafter provided, a determination made by an administrative law judge regarding a claim made pursuant to section 2025(c) of this title shall be final and shall take effect thirty days after the date of the delivery or service of final notice of such determination."); 7 C.F.R. § 279.7(a) ("The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance with § 279.5(e); otherwise the determination shall be final.").

"[T]he overwhelming majority of courts which have considered the issue have found that[,] . . . [b]ecause Congress has explicitly provided for judicial review of a final FNS determination only if the challenger files a complaint within thirty days of the agency's decision disqualifying a Food Stamp Program participant, courts do not have jurisdiction to entertain challenges brought later." *Cumberland Market 2 v. United States*, Civil No. 12-146-GFVT, 2013 WL 124108, at *3 (E.D. Ky. Jan. 9, 2013) (citations and internal quotation marks omitted). While, insofar as appears, the First Circuit has not had occasion to consider this issue, one court within this circuit has, siding with the majority. *See Gonzalez v. United States*, 675 F. Supp. 2d 260, 265 (D.R.I. 2009) ("This Court joins the majority of courts that have considered the issue, and concludes that Section 2023(a) of the Food Stamp Act is jurisdictional. This conclusion is also supported by the express language of the statute, which speaks in jurisdictional terms.").

The plaintiff filed this action on May 14, 2020, *see* Complaint, more than three months after the date of the final USDA decision. The court, accordingly, has no jurisdiction to hear this appeal.

### III.  Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction to hear his appeal.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge